EXHIBIT A

Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
Telephone: (208) 724-2617
Facsimile: (208) 906-8663
chd@fergusondurham.com

Attorney for Defendant Harper

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 4:19-cr-00021-BLW |
|---|---|
| Plaintiff, | |
| v. | **DECLARATION OF ADAM W. HARPER IN SUPPORT OF MOTION TO REDUCE SENTENCE** |
| ADAM W. HARPER, | |
| Defendant. | |

I, Adam W. Harper, hereby declare under penalty of perjury the following:

1. I am the defendant.

2. These facts are based on my personal knowledge.

3. I am providing this supplemental testimony in addition to the facts that I stated under oath in my Motion for Reduction of Sentence.

1

Conditions at FCI Englewood

4. Prison officials here are keeping us in the dark about whether the virus is already in this institution. We had "town hall" meetings for a while, but those stopped several weeks ago.

5. One inmate was taken off my range (tier) within the last two weeks. He was coughing and throwing up. No one will tell us whether he had the virus.

6. I saw a memo on the public display area that indicated that a staff member had tested positive. That memo has since been removed.

7. It is not possible to socially distance here. I am constantly within six feet of other people. There are over 60 inmates on my range, which was intended to house half that number. My bed and personal items are in a cubicle of about 210 square feet with five other inmates.

8. Over 60 men on the range share a bathroom with four sinks, two urinals, four toilets, two soap dispensers, three showers, one hot water dispenser, and one drinking fountain.  These facilities get heavy use between cleanings. The soap dispensers are constantly empty. We don't get hand sanitizer.

9. Since April 1, we have been locked down on our range in these conditions 21 hours a day.  COs, janitors, and others still move between ranges and units.

10. The hours that we are not locked down, we are given three hours in a day room area. Other ranges also use this dayroom at different times.  The entire 180-inmate

unit shares eight total phones and six computers, which require a thumbprint to log in. Sanitation in this area is spotty, at best.

11. For most of the lockdown we received no rec time. Now we get one hour a week outside.

12. Although prison officials have provided cloth masks to COs and inmates, many COs choose not to wear them. I had one interaction recently with a staff member who was not wearing a mask. When we asked him to wear it, he said "what are going to do, snitch on me?"

13. The conditions are crowded, unsanitary, and unhealthy.

## My Medical and Family Circumstances

14. Since I've come to prison, I have been diagnosed with hypothyroidism. My understanding of the condition is that my immune system does not work properly. I take 75 mg per day of levothyroxine.  See Dkt. 39, pp. 20-24.

15. I also have a heart murmur, which was diagnosed at birth.

16. I also have a recent history of respiratory disease. Although each time the incidents eventually cleared, I am concerned that I may be vulnerable to chest infections. In 2018, I was coughing and having chest pain. I was taken to the emergency room and diagnosed with pneumonia. Attachment 4, filed under seal.

17. A few years before that, while I was incarcerated at Orofino, I was taken to the emergency room by ambulance for another lung problem that showed up on an

x-ray. I had similar symptoms that time as the 2018 incident. I have been unable to get these medical records from IDOC.

18. Between my hypothyroidism, my heart murmur, and my recent lung illnesses, I am very concerned that I will have a significant complication if I were to develop COVID-19.

19. My family has also experienced extreme hardship in the last year. My brother died in January. My grandfather died two weeks ago. My cousin died last week.

20. Both of my parents are elderly and in poor health. My father has heart disease and diabetes. He has had heart attacks. My mother has lupus.

## My Attempts to Exhaust BOP Remedies

21. The procedure for requesting compassionate release at FCI Englewood has been a farce.

22. On April 7, I asked my case manager Mr. French about compassionate release. He said that I don't qualify, so "don't ask." He refused to give me a BP 8 at that time because it would "waste everyone's time."

23. I sent a request to the warden three times (called a "cop-out") between April 9 and April 12. He finally responded on April 12 and wrote that my request was forwarded to my unit team.

24. On April 13, Case Manager French called me into his office in response to the warden routing the request to him. He said he was sick of these cop-outs. He also told me that I wasn't getting out and, again, that I was wasting everyone's time.

25. Between April 11 and April 19, I filed written requests with my counselor, Mr. Morgan, for legal documents and attorney calls. I never got a response.

26. I could go on with several other instances of my attempts to communicate within the proper channels that were ignored.

27. On April 28, I finally received a form letter from the Warden denying my request for compassionate release. Attachment 1. This letter was not specific to my circumstances. Al inmates received the same one.

28. Per the Warden's instructions in his letter, I have now filed a BP 9 requesting him to reconsider, but as of this date I have not heard back. I don't know why I am required to file the same request to him twice after he's already denied me relief. In any case, I will continue to pursue the grievance process within the BOP. But given the history of officials' negligent or intentional stonewalling, I decided that I could not wait any longer before bringing this motion.

## My Release Plan

29. If the Court were to find extraordinary circumstances and shorten my time in prison, I have prepared a solid release plan that should decrease any concern

about the risk to the community. I am agreeable to all conditions that the Court or my PO deems necessary.

30. My release plan has two options. Plan A, my preference, would be to release to the Magic Valley area. I have housing, a job, aftercare, and an NA sponsor in the area. Plan B would be to release to Salt Lake City. I have a sister who lives there and who can provide housing and support. There I have a job recruiter who can help me find work. I own a vehicle and have reliable transportation.

31. First, and most important, under either plan I intend to continue addressing my substance abuse disorder. I heard the Court loud and clear at my sentencing that I it wanted me to pursue and receive treatment. I wanted to do RDAP, but I did not have enough prison time to qualify. But I enrolled in the drug counseling and treatment that was available ("NDAP"). I started the program, completed 16 weeks of group, and was doing well when they cut it short because of COVID-19.

32. I already have an appointment set for drug treatment and counseling at ProActive Advantage in Burley for July 23rd, if the Court orders me released before then. I am sure that I qualify. I can arrange a similar appointment in Salt Lake City, if necessary.

33. I have a job waiting for me with Better Half Trucking in Hansen, Idaho. Attachment 2. I would be a loader/operator for them at an hourly rate of $16 per hour. This business is "essential" and won't shut down because of the pandemic. It has health

benefits after 90 days. I can get an insurance policy in the meantime, as I have some small funds available to me for that purpose and to tie me over until my first paycheck.

34. In the Burley area I have housing with my fiancé, Emmy, that Probation has already checked out before sentencing and indicated was suitable. Because of the virus, only one income now sustains a family of five. My income would be much-needed help.

35. If released to Salt Lake City, I have a contact with a job recruiter who believes that she can find work for me. Attachment 3. I have been approved for transitional housing to start out. And I have some small fund that will assist me in the short term. I should be able to get health insurance.

36. Wherever I end up, and whenever I end up there, I want the Court to know that I intend to keep my promise to live a clean and sober lifestyle going forward. I don't believe that I am a risk to re-offend.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 29th day of May 2020

/s/ Adam W. Harper
Adam W. Harper
Defendant

# ATTACHMENT 1

INMATE HARPER, Adam
Reg. No. 19823-023
Unit West Upper

INMATE REQUEST TO STAFF MEMBER

You requested a reduction in sentence (RIS) based on concerns about COVID-19. After careful consideration, your request is denied.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

B. Greilick, Warden                                      4/27/2020
                                                          Date



P.O. 472 * Hansen * ID * 83334 * (208) 982-5842

## Notice of Intent to Hire

April 20, 2020

Federal Bureau of Prisons
9595 W Quincy Ave
Littleton, CO 80123
c/o Adam Harper #19823-023

To Whom it May Concern:

This letter is to inform you that Better Half Trucking would like to offer Mr. Adam Harper a position here within our trucking company, as a Loader Operator.

Duties for this position are as follows:

- Responsible for the loading and unloading of the trucks
- Create and maintain a tidy and safe hay stack
- responsible for the transportation of the loader to and from each stack
- Will maintain work area in an up-kept manner at all times
- Responsible for the fueling of the loader

Compensation for this position is as follows:

- 30-35 hours per week
- pay is $16.00 per hr. to start
- Health benefits after 90-days
- Paid holidays after 90-Days
- 2-weeks vacation after 12-months

The terms and/or conditions of employment are negotiable. If you are interested please contact Erin Hill at (208) 420-7340 at your earliest convenience so that we may begin working out the terms of your employment. We look forward to hearing from you.

_____

Erin Hill

**ATTACHMENT 3**

To whom it may concern:

My name is Allison Galloway, I am a Recruiter in Salt Lake City, Utah; I have gotten to know Adam Harper over the last few years. I know he will be coming to Salt Lake City when he is released. With the type of work I am in and knowledge of the hiring market in Salt Lake, along with the fact I have many contacts in the recruiting community and even know who can work with his criminal background. I do not feel that he will have any issues getting a position here, I am going to take the time to assist him in finding a position .

If you have any questions please reach out to me.

Thank you

Allison Galloway

801-915-2111