UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ADAM W. HARPER.<br><br>    Defendant. | Case No. 4:19-cr-021-BLW<br><br>MEMORANDUM DECISION AND ORDER |

### INTRODUCTION

The Court has before it a motion to reduce sentence filed by the Defendant. The motion is fully briefed and at issue. For the reasons set forth below, the Court will deny the motion.

### LITIGATION BACKGROUND

On August 1, 2019, Harper was sentenced to 27 months incarceration after pleading guilty to possessing a firearm after being convicted of a felony. When arrested for this offense, Harper possessed a .40 caliber Smith and Wesson handgun and had approximately 15 grams of methamphetamine in his pocket and used hypodermic syringes in the center console. *See Presentence Report (Dkt. No. 29)* at ¶ 8. PSR ¶ 6. He planned to sell the methamphetamine and admitted he could move the product in about two hours. *Id.* at ¶ 8. This was his third felony offense, one of which included a 2014 conviction for Injury to Child. Harper's release date is February 14, 2021, while his home confinement eligibility date is November 25, 2020. He is currently

Memorandum Decision & Order – page 1

incarcerated at FCI Englewood. As of July 14, 2020, that facility has two confirmed COVID cases among inmates and none among staff. *See https://www.bop.gov/coronavirus/* (last visited July 14, 2020). Harper exhausted his administrative remedies when the Warden at FCI Englewood denied his request for a compassionate release.

Harper is 34 years old. He suffers from hypothyroidism (underactive thyroid) and a heart murmur. He has been hospitalized twice with pneumonia. His parents are elderly and ill, and he has a job waiting for him if he is released. *See Defense Brief (Dkt. No. 44)*.

## LEGAL STANDARDS

Harper brings this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release may be made by either the Director of the Bureau of Prisons or by a defendant who has fully exhausted administrative remedies within the Bureau of Prisons (BOP). In order to modify a sentence and grant compassionate release, a district court must engage in a three-step process. First, it must consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. See USSG §

**Memorandum Decision & Order – page 2**

1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See 18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

There is some question whether Harper has exhausted his administrative remedies, but even if it is assumed that he has done so, he is nevertheless not entitled to compassionate release. He is relatively young and is not suffering from age-related deterioration or a condition that diminishes his ability to provide self-care while in prison. In addition, the Court cannot make the finding – required by the statute – that "the defendant is not a danger to the safety of any other person or to the community." As part of his plea agreement, the defendant admitted to possessing a handgun as he traveled to sell methamphetamine. He has previously been convicted of Injury to Child. His extensive criminal history precludes a finding that he would not pose a danger to another person or the community if released now. For these reasons, the Court will deny the motion.

## ORDER

For the reasons expressed in the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reduce sentence (docket no. 39) is DENIED.

DATED: July 16, 2020

_____
B. Lynn Winmill
U.S. District Court Judge